## *In re* HENRI DESLOVERS for Writ of Habeas Corpus.

### MAY 1, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Habeas Corpus.   Indictments.   Bail.   Trial.*

Under Gen. Laws, 1909, cap. 354, § 17, providing that every person who shall' be indicted for certain crimes (including murder) "shall be tried or bailed within six months next after the time at which he shall plead to such indictment, if he demand a trial," a demand for a trial includes a demand for bail, in case there is no trial within six months from the time of the plea to the indictment, and where a proper demand for a trial has been made, it is: the duty of the court to see that a defendant is brought to trial within six months or that he is admitted to bail within that period in case a trial must be deferred for reasons other than those specified in the statute.

*(2)   Habeas Corpus.   Indictments.   Trial.*

A defendant discharged from custody, by reason of the provisions of Gen· Laws, 1909, cap 354, § 17, is not thereby released from the consequences of the crime of which he is accused, but is discharged from restraint only, although he cannot be tried under the indictment upon which he was committed nor can he be required to give his personal recognizance as a precedent condition to his liberty.

PARKHURST AND SWEETLAND, JJ., dissenting.

PETITION for reargument after opinion in petition for habeas corpus.   Petition for reargument denied.

VINCENT, J.   Following the opinion of the court in the above entitled matter, the Attorney-General has filed a motion for a reargument which motion has been carefully and at length considered.   The Attorney-General urges (1) that the court is in error regarding its construction of Section 17 of Chapter 354 of the General Laws, 1909, as giving the accused the right to be discharged from imprisonment and (2) in granting the writ of *habeas corpus.*

Upon the first point it is contended, among other things, that this section of the statute, as viewed through the several revisions from 1798 to the present time, should be construed merely as affording a right to bail; that said section does not

expressly provide for a discharge of the prisoner and, therefore, he is only bailable, by right, after the expiration of six months. Under the second point the Attorney-General contends that the prisoner is not entitled to his discharge on the ground that there is no illegal imprisonment or restraint and that other remedies have not been exhausted. The other remedies referred to are, as we understand, an application on the part of the prisoner for admission to bail, or some proceeding here compelling the court below to exercise its powers under the statute and admit to bail after the expiration of the six months.

(1)　From our examination of Section 17 of Chapter 354, we are unable to find that there is any distinction between the right of the prisoner to be tried or bailed or that under such section he may be held to bail, after six months, in the event that he is not tried within that time. The statute does not say that he shall be tried within six months or bailed, it says that he "shall be tried or bailed within six months next after the time at which he shall plead to such indictment, if he demand a trial." The court has already found that the prisoner made a sufficient demand for a trial within a period of six months and it seems clear that his demand for a trial included a demand for bail, in case there was no trial within six months from the time of the plea to the indictment. The statute says that he shall be tried or bailed within six months if he demand a trial. Having made such demand for a trial which included a demand for bail, in event of there being no trial within six months, it became incumbent upon the court before which the indictment was pending (1) to see that the prisoner was brought to trial within six months or (2) to see that he was admitted to bail within that period in case a trial must be deferred for reasons other than those specified in the statute.

We cannot construe this statute in any other way, under the circumstances of this case, than as a peremptory command that the prisoner shall be tried or bailed within six months following his plea to the indictment, he having made a demand for a trial. There can be no question as to the

demand of the prisoner for a trial or that such demand was made sufficiently early to provide for his trial within said period of six months. As the prisoner has neither been tried or bailed within said six months the conclusion seems (2) inevitable that he is entitled to his discharge from further detention in prison. We do not mean by "discharge" that the prisoner is to be released from the consequences of the crime of which he is accused, but simply that he cannot be further detained in prison and deprived of his liberty under the present indictment. In Section 16 of Chapter 305 of the General Laws of 1909, relating to *habeas corpus*, it is provided that "If no legal cause be shown for the imprisonment or restraint, the court shall discharge the party therefrom." The language of this section would seem to apply to the case under consideration and that it was contemplated thereby that in a case where the detention was illegal the prisoner should be discharged from such imprisonment or restraint only. We may be warranted in adding that it does not now appear to us that the prisoner could be tried under the present indictment or even be required to give his personal recognizance as a precedent condition to his liberty. As we have before said, Section 17 of Chapter 354 does not provide in express terms for the discharge of the prisoner, nor does it contain any language suggesting that a failure to try him or bail him within six months should go any further than to bring about his release from confinement.

The majority of the court does not find anything in the motion for reargument sufficient to change the opinion already expressed that the prisoner should be released from his present confinement, leaving the Attorney-General to institute such further proceedings or to take such further action in the premises as may seem to him to be advisable for the best interests of the State.

A writ of *habeas corpus* is directed to issue returnable to this court on Friday, May 2, 1913, at 2:30 o'clock P. M.

PARKHURST and SWEETLAND, JJ., dissenting.

*Archambault & Jalbert, John J. Fitzgerald,* for petitioner.

*Herbert A. Rice, Attorney-General, A. A. Capotosto, 3d Assistant Attorney-General,* for State.